**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-10873

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

EMERSON SAGASTUME,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:11-cr-60126-JEM-1

————————————

Before LAGOA, KIDD, and MARCUS, Circuit Judges.

PER CURIAM:

Emerson Sagastume appeals the district court's imposition of a new ten-year term of supervised release as part of his sentence following the revocation of his supervised release. On appeal,

Sagastume argues that: (1) the court committed procedural error when it imposed a new term of supervised release based on allegations that were neither proven nor admitted; and (2) the imposition of a ten-year term of supervised release was substantively unreasonable. After thorough review, we affirm.

I.

The relevant background is this. In 2011, Sagastume pleaded guilty to possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) & (b)(2), and was sentenced to 48 months' imprisonment, followed by 25 years of supervised release. In November 2015, a year after his release from custody, he violated the terms of his supervised release for the first time by using marijuana, but at the recommendation of the United States Probation Office, the court took no action. In February 2016, Sagastume again used marijuana, and the court ordered his participation in a drug treatment program. In May 2016, after he committed the offense of driving under the influence, the court required location monitoring for up to 120 days.

Sagastume continued to violate the conditions of his supervised release. In February 2025, at the district court's *fourth* revocation hearing -- the subject of this appeal -- Sagastume admitted to eight of the fourteen violations alleged against him.[1] At the

---

[1] The eight violations Sagastume admitted to were:

25-10873                  Opinion of the Court                  3

government's request, the court dismissed the other six. The parties jointly asked the court to impose a term of eleven months' imprisonment with no supervision to follow.

1. unlawfully possessing or using a controlled substance by providing a urine specimen that tested positive for the presence of amphetamines on January 2, 2025;

2. unlawfully possessing or using a controlled substance by providing a urine specimen that tested positive for the presence of marijuana on January 2, 2025;

3. leaving the judicial district without prior permission of the court or probation officer, on December 30, 2024;

4. failing to permit the probation officer to visit him at home or elsewhere by not allowing the probation officer to conduct an inspection of his residence in Sunrise, Florida, on September 24, 2024;

5. failing to permit the probation officer to visit him at home or elsewhere by not allowing the probation office to conduct an inspection of the hotel room where he was living on October 23, 2024;

6. engaging in self-employment without prior written approval of the court, on September 9, 2024;

7. failing to participate in a sex offender treatment program by failing to attend scheduled appointments on October 9 and 16, 2024; and

8. failing to participate in a sex offender treatment program by being unsuccessfully discharged from a program on October 16, 2024.

Notably, one violation he did not admit to was committing the offense of possession of a weapon or ammunition by a convicted felon, in violation of Fla. Stat. § 790.23, on November 23, 2024.

The district court disagreed with the parties' recommendation of no further supervision. When the court expressed doubt as to this issue, defense counsel explained that, because of Sagastume's conviction for possession of child pornography and the sex offender registration requirements, no permissible housing was available in the Southern District of Florida and, specifically, in Miami-Dade. Counsel noted that Sagastume's mother had bought a mobile home for him and land to park it on, but the land was in the Middle District of Florida and he was unable to transfer his supervision to that district because it was "very limited in the cases that they accept for transfer." Defense counsel said that, if the court took Sagastume off supervised release, he could move to the mobile home in the Middle District and his continued sex offender registration requirements would ensure he was not unsupervised.

The district court responded that registration as a sex offender was not equivalent to supervision. In the court's opinion, Sagastume "might need help, and the problem is that he's not very good at accepting help. He keeps getting in trouble." Counsel argued that South Florida's "housing situation" and the "residency restrictions on sex offenders" made his "reintegration extremely difficult." The district court disagreed with counsel's view on the effect of the housing restriction and added that it would personally contact the Middle District of Florida to ask that district's probation office to accept a transfer that would allow Sagastume to move to the plot of land and mobile home his mother had purchased. The court then sentenced Sagastume to eleven months' imprisonment, followed by ten years of supervised release.

This timely appeal follows.

## II.

We review sentences imposed upon revocation of supervised release for reasonableness under the deferential abuse of discretion standard. *United States v. Sweeting*, 437 F.3d 1105, 1106–07 (11th Cir. 2006). We review findings of fact for clear error. *United States v. Gupta*, 572 F.3d 878, 887 (11th Cir. 2009). A fact is clearly erroneous "'if the record lacks substantial evidence to support it.'" *United States v. Robertson*, 493 F.3d 1322, 1335 (11th Cir. 2007).

However, we review for plain error a sentencing argument raised for the first time on appeal. *United States v. Aguillard*, 217 F.3d 1319, 1320 (11th Cir. 2000). To establish plain error, the defendant must show (1) an error, (2) that is plain, and (3) that affected his substantial rights. *United States v. Turner*, 474 F.3d 1265, 1276 (11th Cir. 2007). If the defendant meets these conditions, we may exercise our discretion to recognize the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id*. To preserve an issue for appeal, a defendant must first present it to the district court, "raising that point in such clear and simple language that the trial court may not misunderstand it." *United States v. Corbett*, 921 F.3d 1032, 1043 (11th Cir. 2019) (citation modified). A defendant who requests a lower sentence than what was ultimately given has preserved a claim for substantive unreasonableness and need not specifically use the term "reasonable." *Holguin-Hernandez v. United States*, 589 U.S. 169, 174–75 (2020).

Section 3583(e) governs permissive release revocation. 18 U.S.C. § 3583(e). Under the statute, a district court may, upon finding by a preponderance of the evidence that a defendant has violated a condition of supervised release, revoke the term of supervised release and impose a term of imprisonment after considering some, but not all, of the factors set forth in 18 U.S.C. § 3553(a). *Id.* Those § 3553(a) factors include: the nature and circumstances of the offense; the history and characteristics of the defendant; the applicable guideline range; affording adequate deterrence; providing the defendant with needed training, medical care, or correctional treatment; protecting the public from the defendant's future criminal conduct; pertinent policy statements of the Sentencing Commission; avoiding unwarranted sentencing disparities; and restitution to the victims. *Id.*; *id.* §§ 3553(a)(1), (2)(B)–(D), (4)–(7).

In reviewing sentences for reasonableness, we perform two steps. *United States v. Pugh*, 515 F.3d 1179, 1190 (11th Cir. 2008). First, we "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'" *Id.* (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). If we conclude that the district court did not procedurally err, we consider the "'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'" *Id.* The party challenging the

sentence bears the burden of showing that the sentence is unreasonable. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

For starters, Sagastume argues -- for the first time on appeal -- that the district court imposed a procedurally unreasonable sentence because, in imposing a ten-year term of supervised release, it relied on unproven or unadmitted allegations when deciding his sentence. As the record reflects, Sagastume objected to the imposition of any term of supervised release, but he did not present any objection to the district court's alleged reliance on clearly erroneous facts "'in such clear and simple language that the trial court may not misunderstand it.'" *See Corbett*, 921 F.3d at 1043. Thus, we may review this claim only for plain error.

Sagastume has not shown that the court plainly erred by relying on incorrect facts to impose a new term of supervised release. Sagastume takes issue with statements the court made when it disagreed with defense counsel's argument about the effect of a housing restriction on Sagastume's reintegration into society. Specifically, the court said that it did not "understand how the housing restriction affect[ed] [Sagastume's] possession of a weapon on -- well, supposedly on November 23rd, and failing to register, and denying the probation officer from conducting an inspection of the residence he was in in Sunrise." The court continued: "[W]hen you have . . . continued violations of the law, at least alleged and some admitted, I got a problem with no supervision to follow."

Sagastume claims that the district court plainly erred when it made these statements -- referencing his alleged November 23

possession of a weapon and his "continued violations of law, at least alleged and some admitted" -- because he says they show that the court relied on dismissed allegations in deciding to impose a new term of supervised release.  However, the record reflects that the district court based its imposition of a new term of supervised release on Sagastume's continued violations since his supervision began, including his prior violations for marijuana use, driving under the influence, and the eight recent violations -- all of which were admitted to or proven by a preponderance of the evidence. Nor is there any support for the claim that the court gave weight to facts that were neither unadmitted nor unproven.  In the statements Sagastume challenges on appeal -- when, in noting Sagastume's history, the court mentioned a weapon possession allegation and other allegations -- the court corrected its wording and used the words "supposedly" and "alleged," indicating that the court well knew the list of violations before it contained some allegations.  On this record, Sagastume has not established that the district court erred --  much less plainly erred -- by relying on any clearly erroneous facts, and, thus, he has not satisfied the first prong of the plain-error test.

As for Sagastume's claim that the court imposed a sentence without explanation since its only explanation for imposing a term of supervised release was erroneous, we disagree.  The court expressly said that its reasons for imposing a term of supervised release were Sagastume's repeated violations, eight of which he admitted to this time around.  Those reasons were supported by

substantial evidence and were not clearly erroneous. *See Robertson*, 493 F.3d at 1335. We affirm as to his procedural reasonableness claim.

We are also unpersuaded by Sagastume's claim that his ten-year term of supervised release was substantively unreasonable. In imposing a sentence on revocation of supervised release, the district court must impose a sentence that is sufficient, but not greater than necessary, to comply with the sentencing purposes listed in § 3553(a) and referenced in 18 U.S.C. § 3583(e). An appellate court should give due deference to the district court's reasoned and reasonable decision that the § 3553(a) factors, on the whole, justified the sentence. *Gall*, 552 U.S. at 59–60. A district court does not have to give all the factors equal weight, and it has discretion "'to attach great weight to one factor over others.'" *United States v. Olson*, 127 F.4th 1266, 1276 (11th Cir. 2025).

That said, "a sentence may be substantively unreasonable when a court unjustifiably relies on any single § 3553(a) factor, fails to consider pertinent § 3553(a) factors, bases the sentence on impermissible factors, or selects the sentence arbitrarily." *United States v. Grushko*, 50 F.4th 1, 19 (11th Cir. 2022). We will only vacate a sentence when we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case. *Id.* at 20.

Sagastume claims that his sentence was substantively unreasonable because the conditions restricting him to living in a district without permissible housing due to strict sex-offender residency requirements were unduly severe. He preserved this argument for appeal when he requested no additional term of supervised release at his revocation hearing. *See Holguin-Hernandez*, 589 U.S. at 173–74. Thus, we review this claim abuse of discretion.

Nevertheless, the district court did not abuse its discretion by imposing a new term of supervised release. The record reflects that the district court properly considered Sagastume's mitigation argument about the difficulties he faced in obtaining lawful housing in the Southern District of Florida. Although the court determined that Sagastume needed an additional term of supervision, the court added that it would personally call the Middle District of Florida to ask the probation office of that district to accept a transfer that would allow Sagastume to move to the plot of land and mobile home that his mother had purchased. In so doing, the court listened to, and considered, Sagastume's argument.

Nor did the district court abuse its discretion in weighing the § 3553(a) factors and determining that an additional term of supervised release was necessary. As the record reveals, the court did not rely on a single § 3553(a) factor. Instead, it said it believed that Sagastume needed additional supervision because he repeatedly had violated the terms of his supervised release and was a danger to the community without supervision. In so doing, the court gave greater weight to factors that supported the imposition of

supervised release -- including deterrence, protection of the public, and the history and characteristics of the defendant -- which is well within its discretion.  *See* 18 U.S.C. § 3553(a); *Olson*, 127 F.4th at 1276.  Thus, Sagastume has not met his burden to show that the district court committed a clear error of judgment in weighing the relevant § 3553(a) factors or in imposing a ten-year term of supervised release.  We affirm as to this issue as well.

**AFFIRMED.**